UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LUISA NAVARRO BARRERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>　　　　Defendants. | Case No.  25-cv-05260-RFL<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

　　　　Plaintiff, a California resident, alleges that she fell on a slippery floor in a Costco warehouse.  She commenced this action in state court against three defendants to recover for her injuries:  (1) Costco Wholesale Corporation ("Costco Corporation"), a Washington State corporation; (2) Costco Wholesale Membership, Inc. ("Costco Membership" and together with Costco Corporation, "Costco"), a California corporation; and (3) Steven Chamberlain, an alleged California resident.  Costco then removed the action to this Court based on diversity jurisdiction.  Plaintiff now moves to remand the case back to state court primarily on the basis that Costco Membership is a California corporation whose presence extinguishes diversity jurisdiction.  For the reasons set forth below, the motion is **DENIED**.  This Order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the Parties' arguments.

　　　　***Costco Membership.***  Costco does not dispute that Costco Membership is a California corporation.  Instead, it argues that the Court should disregard Costco Membership's citizenship because that entity was fraudulently joined as a defendant.  *See Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1112-13 (9th Cir. 2016).  "There are two ways to establish fraudulent joinder:  (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation and quotation marks omitted).  Costco selects the second option, arguing that Plaintiff could never establish her claims against

1

Costco Membership. It bears "a particularly heavy burden" in succeeding on the argument, and "[t]he action must be remanded if there is *any possibility* that a state court would find that" Plaintiff "stated a cause of action" against Costco Membership. *See Obeso v. Nat'l R.R. Passenger Corp.*, No. 23-cv-02793-SVK, 2023 WL 6278880, at *6 (N.D. Cal. Sept. 25, 2023) (emphasis modified) (citation omitted). Costco satisfies its burden.

Plaintiff brings claims of general negligence and premises liability. "The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Kesner v. Superior Ct.*, 1 Cal. 5th 1132, 1158 (2016) (citations omitted). "[A] defendant generally does not have an affirmative duty to protect others when he or she has not created the peril or increased the risk of danger." *Moses v. Roger-McKeever*, 91 Cal. App. 5th 172, 178-79 (1st Dist. Div. 1 2023) (citation omitted). Likewise, a "defendant cannot be held liable for the defective or dangerous condition of property which it did not own, possess, or control." *Preston v. Goldman*, 42 Cal. 3d 108, 119 (1986) (citation omitted).

Here, Costco submits a declaration in which one of its "complex claim specialists" avers that Costco Membership: (1) "is in business solely to collect membership fees"; (2) "does not own, lease, operate, or manage any Costco warehouse in the United States"; and (3) does not exercise any role in cleaning warehouses. (*See* Dkt. No. 12-3 ¶¶ 4-9); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (court may consider evidence in evaluating fraudulent joinder). Further, "[a]ll Costco warehouses in the United States are either owned or leased by" Costco Corporation, which manages and operates the warehouses, and Costco Membership "is a distinct and separate corporate entity from" Costco Corporation." (*See* Dkt. No. 12-3 ¶¶ 3-4.) Plaintiff characterizes these statements as conclusory in her reply brief, but the Court considers them to be sufficiently specific and supported by the declarant's personal knowledge. Plaintiff also relies on her allegations that Costco Membership owned, operated, or otherwise controlled the warehouse where she slipped, but allegations alone cannot overcome evidence. *See Grupo Altex SA de CV v. Gowan Co.*, 793 F. App'x 649 (9th Cir. 2020).

In light of Costco's unrebutted evidence, the Court concludes that Costco Membership could never be held liable for Plaintiff's claims of negligence and premises liability.  *See, e.g.*, *Garcia v. Costco Wholesale Corp.*, No. 24-cv-01137-KK, 2024 WL 3549222, at *3 (C.D. Cal. July 26, 2024) ("[B]ecause defendant Costco Membership did not own, possess, or control the premises at issue, Plaintiff cannot establish a cause of action for negligence or premises liability against defendant Costco Membership." (citations omitted)); *Navarro v. Costco Wholesale Corp.*, No. 20-cv-02146-VAP, 2020 WL 2521270, at *3 (C.D. Cal. May 18, 2020) (similar). Accordingly, Costco Membership was fraudulently joined as a defendant, and the Court will disregard its citizenship in evaluating the propriety of removal.

*Chamberlain.*  Although Plaintiff alleged that Chamberlain is a California resident, she does not dispute Costco's allegation in the notice of removal or evidence demonstrating that Chamberlain is actually a resident of Washington State.  Accordingly, his presence does not destroy diversity.

*Future Defendants.*  Plaintiff explains that, following discovery, she may join "the true manager at the time of the Incident" who "is very likely . . . a California resident."  (*See* Dkt. No. 10-1 at 6.)  Even if she eventually does so, that future joinder would not compel remand at this juncture.  This Order expresses no opinion on the propriety of Plaintiff moving to remand in the future upon the joinder of the "true manager at the time of the Incident," as that issue is not before the Court at this time.

*Conclusion.*  After disregarding the citizenship of Costco Membership, a California plaintiff and two Washington State defendants remain.  Accordingly, this action does not lack complete diversity, so the motion is **DENIED**.

IT IS SO ORDERED.

Dated: September 22, 2025

RITA F. LIN
United States District Judge

3